**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| JERELL SMALLWOOD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 1:05cv874 (TSE/BRP) |
| | ) |
| S.K. YOUNG, WARDEN, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner, Jerell Smallwood ("Smallwood"), a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking the validity of his state court convictions. On August 15, 2005, respondent filed a motion to dismiss pursuant to Rules 12 and 56(b), Fed. R. Civ. P., and an answer pursuant to Rule 5, Fed. R. Hab. P. Although Smallwood was afforded the requisite opportunity to file responsive materials, he has failed to do so. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (permitting habeas petitioners to file reply briefs). Accordingly, this matter is now ripe for consideration.

In his motion to dismiss, respondent argues that Smallwood's petition is procedurally foreclosed owing to his failure to file a timely notice of appeal with the circuit court as required by Rule 5:9, Rules of the Supreme Court of Virginia (hereinafter Rule 5:9). Smallwood maintains he did file a timely notice of appeal. For the reasons that follow, respondent's motion to dismiss must be granted in part and denied in part. It must be granted with respect to all claims except Smallwood's ineffective assistance of counsel claim, which is the only claim not procedurally barred.

I.

On May 18, 1999, around 11:00 p.m., Charles Finney, a truck driver, was robbed and shot to death in the parking lot of the Shore Stop convenience store in Cape Charles, Virginia. Smallwood was subsequently arrested and charged with first degree felony murder, attempted robbery, use of a firearm in the commission of murder, and use of a firearm in the commission of attempted robbery. At trial, several witnesses gave testimony linking Smallwood to the scene of the crime. Rochelle Myrick, an acquaintance of Smallwood, testified that on the day of the shooting, she noticed that Smallwood was carrying a silver gun and heard him talk about killing someone. Tasha Benton, also an acquaintance of Smallwood, noticed Smallwood carrying a .38 caliber silver and brown gun that day and remembered a conversation with Smallwood late that afternoon or early evening in which Smallwood mentioned a possible robbery. David "Frank" Washington, an acquaintance of Smallwood and a convicted felon, testified that on the day of the shooting he saw co-defendant Demarco Spady with Smallwood. Washington also noticed that Smallwood had a gun and said that he and Spady were going to the Shore Stop to "stick up" a truck driver.

A number of witnesses placed Smallwood at the scene of the crime. Approximately twenty minutes before the robbery, Lonnie Wiggins, an acquaintance of Smallwood, was near the Shore Stop when he noticed Smallwood and co-defendants Vernon Smith and Demarco Spady walking together toward the Shore Stop. Wiggins testified that he heard the shot that killed the victim, and that immediately thereafter he saw the three men again, this time running together from behind the Shore Stop. Veronica Finley, a bystander near the shooting, saw three men running from the Shore Stop and picked Smallwood's picture out of a photographic array prepared by the police. Similarly, witnesses Nicole Gladden and Katie Lewis selected Smallwood's picture from an array of

photographs as the man they noticed wearing a hooded sweatshirt walking around the Shore Stop on the night of the shooting. Victor Taylor, yet another Smallwood acquaintance, also observed Smallwood and two other men at the Shore Stop that night.

More than a year after the shooting, the police recovered a loaded .38 caliber handgun from a ditch behind a church, approximately four blocks from Bayview Circle. The police arrested Smallwood, who was found in a trailer near the corner of Bayview Circle and South Bayside Avenue. A search of the trailer where Smallwood was arrested uncovered several .38 caliber bullets. Victor Taylor testified that he had previously sold the gun in question to Smallwood.

Paul Tangren, a forensic firearms examiner, testified that a .38 caliber bullet found at the scene of the shooting had markings that were consistent with its having been fired from the weapon found in the ditch, but he was unable to make a conclusive match. He also testified to the existence of strong similarities between the cartridges found in the gun recovered from the ditch and the cartridges found in the trailer where Smallwood was arrested. Kathleen Lundy, a materials analyst, also noted the similarities in the chemical compositions of the bullet used in the shooting, the bullets found in the recovered gun, and the bullets found in the trailer where Smallwood was arrested.

Antwan Uptegrow, a former cellmate of Smallwood, testified that while he and Smallwood shared a cell in Portsmouth Jail, Smallwood confessed that he and some others were attempting to rob the victim at the Shore Stop when the gun fired accidentally. Cornell Evans, a close friend of Smallwood, testified that Smallwood stayed at his house on the night of the shooting. Evans also testified that Smallwood told him the following morning that he had shot a man at the Shore Stop while he and the man were fighting. For his part, Smallwood testified (i) that he had nothing to do with the shooting; (ii) that he was in New York at the time of the shooting; and (iii) that he had not

purchased the gun alleged to be the murder weapon.

Following the presentation of all the evidence, a jury convicted Smallwood of first degree felony murder, attempted robbery, use of a firearm in the commission of murder, and use of a firearm in the commission of attempted robbery. *Commonwealth v. Smallwood*, CR0000146-00 (Va. Cir. Ct. May 8, 2001). The Circuit Court of Northampton County sentenced Smallwood to life in prison for murder, and an additional combined sentence of sixteen years for the remaining three charges. *Commonwealth v. Smallwood*, CR0000146-00 (Va. Cir. Ct. Oct. 16, 2001). His appeal of his convictions was denied on July 25, 2002, by the Court of Appeals of Virginia. *Commonwealth v. Smallwood*, R. No. 3150-01-1 (Va. Ct. App. Jul. 25, 2002). On March 24, 2003, the Supreme Court of Virginia also denied his appeal. *Commonwealth v. Smallwood*, R. No. 021952 (Va. Mar. 24, 2003).

Smallwood then pursued collateral relief by filing a petition for writ of habeas corpus in the Circuit Court of Northampton County, challenging his convictions on three grounds: (i) ineffective assistance of trial counsel; (ii) prosecutorial misconduct; and (iii) trial court error. The Circuit Court of Northampton County denied his petition, holding that Smallwood's prosecutorial misconduct and trial court error claims were procedurally barred under *Slayton v. Parrigan*, 205 S.E.2d 680 (1974), because Smallwood had failed to raise these claims on direct appeal.[1] *Smallwood v. Young*, Law No. CL04000002-00 (Va. Cir. Ct. Apr. 12, 2004). The Circuit Court denied his ineffective assistance of trial counsel claim on the merits. *Id.* Then, on June 20, 2004, Smallwood sought to appeal this denial of habeas relief to the Supreme Court of Virginia by filing a "Petition for Appeal" and

---

[1] The *Slayton* rule is typically stated as follows: Except for ineffective assistance of counsel claims, failure to raise claims on direct appeal is a bar to habeas relief absent a showing of cause and prejudice. *See Slayton*, 205 S.E.2d 680.

4

"Motion for Discovery and Inspection" with the Supreme Court of Virginia. After determining that Smallwood had failed to file a notice of appeal as required by Rule 5:9,[2] the Supreme Court of Virginia dismissed his entire appeal on September 29, 2004. *Smallwood v. Young*, R. No. 041731 (Va. Sept. 29, 2004). Accordingly, the Supreme Court of Virginia did not review the Circuit Court's ruling on the merits of the ineffective assistance of counsel claim or its determination that Smallwood's claims of trial court error and prosecutorial misconduct were barred by procedural default, namely the failure to raise these claims on direct appeal.

In his motion requesting the Supreme Court of Virginia to reconsider dismissal of his habeas petition, Smallwood argued he had indeed filed a timely notice of appeal. As proof of this claim, Smallwood submitted an institutional record confirming that he had delivered to Wallens Ridge State Correctional Facility officials an item of legal mail to be sent to Northampton County Circuit Court. This correctional facility record reflects that Smallwood had done so on May 4, 2004, well within the 30-day time limitation imposed by Rule 5:9. Indeed, the parties do not dispute that Smallwood placed in the institutional mail system an item of legal mail addressed to the Circuit Court of Northampton County. Yet, the Circuit Court has no record of ever receiving this mail. Despite Smallwood's showing that he had mailed what he claimed was a timely notice of appeal, the

---

[2]Rule 5:9 states in pertinent part that:

No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel.

Supreme Court of Virginia, without elaboration, denied Smallwood's petition for reconsideration.[3] *Smallwood v. Young*, R. No. 041731 (Va. Nov. 17, 2004).

Smallwood filed his federal habeas petition in the Western District of Virginia. Thereafter, on July 27, 2005, this petition was properly transferred to this district. *See Smallwood v. Young*, 7:04cv687 (July 18, 2005) (Order).[4]  In the petition, Smallwood challenges his state court convictions on four grounds: (i) trial court error; (ii) prosecutorial misconduct; (iii) ineffective assistance of trial counsel; and (iv) ineffective assistance of appellate counsel. Smallwood's federal habeas claims alleging trial court error and prosecutorial misconduct are similarly procedurally barred by his failure to raise them on direct appeal, just as they were barred in his state habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (exhaustion of state remedies is prerequisite to federal habeas review).

Smallwood seeks to overcome this default by arguing that his failure to allege these claims on direct appeal is attributable to ineffective assistance of appellate counsel, the fourth ground on which he seeks relief in the instant petition. Yet, like his claims of trial court error and prosecutorial misconduct, Smallwood's ineffective assistance of appellate counsel claim is also procedurally barred. This is so because Smallwood failed to assert this claim in his state habeas petition. *See*

---

[3]Because the Supreme Court of Virginia stated its reason for denying Smallwood's appeal, albeit without elaboration, it is not appropriate to look to the reasoning of the Northampton County Circuit Court in reviewing the Supreme Court's denial Smallwood's claims in his state habeas petition that are now raised in his federal habeas petition. *See YLST v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) (noting that a federal court will "look through" later state court decisions to the last reasoned decision when reviewing a state court denial of claims raised in a habeas petition).

[4]*See* 28 U.S.C. § 2241(d) (authorizing transfer of habeas petition to judicial district in which petitioner is incarcerated, which in this case is the Eastern District of Virginia).

*Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (ineffective assistance of counsel claims barred if not asserted in state habeas petitions). Thus, Smallwood has exhausted only his claim of ineffective assistance of trial counsel; his other claims are barred. In sum then, of Smallwood's four claims, three—(1) trial court error; (2) prosecutorial misconduct; and (3) ineffective assistance of appellate counsel—are procedurally barred because he failed to raise them on either direct or collateral appeal. His fourth claim, ineffective assistance of trial counsel may be eligible for federal habeas review on the merits provided Smallwood can overcome the alleged failure to file a notice of appeal pursuant to Rule 5:9.

**II.**

The state exhaustion doctrine has a long legal history, some of which is worth recounting here as it helps illuminate the question presented. The exhaustion doctrine arose in the late nineteenth century as a common law limitation on federal habeas review for state prisoners.[5] Congress later codified the requirement in 1948.[6] The doctrine is grounded in comity, and reflects that states in our federal system of government should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).[7] Thus, it is well-settled that a federal habeas application by a state prisoner will be

---

[5] *See Ex Parte Royall*, 117 U.S. 241 (1886) (establishing common law state exhaustion doctrine); *see also* Act of Feb. 5, 1867, ch. 28, §1, 14 Stat. 385 (codifying writ of habeas corpus); (current version at 28 U.S.C. § 2241 (2000)).

[6] *See* 28 U.S.C. § 2254(b)-(c).

[7] *See also Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court

entertained only after the petitioner has exhausted all available state remedies, including all appellate remedies. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The exhaustion doctrine necessarily encompasses the more limited rule that a petitioner's failure to comply with an "independent and adequate" state procedural rule generally will bar federal review of his claims.[8] And importantly, federal law governs whether a particular state procedural rule furnishes an "independent and adequate" bar to federal review of the merits of a constitutional claim. *See Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003). In this regard, a state procedural rule is independent if it does not "depend on a federal constitutional ruling," and it is adequate if it is "firmly established and regularly or consistently applied by the state court." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) and *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)).

Although there is a strong presumption that a petitioner's failure to comply with state procedural rules is an adequate and independent basis to foreclose federal habeas review of constitutional claims, this presumption is not absolute. Over time, the Supreme Court, for various

---

conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.") (internal citations and quotations omitted); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

[8] *See Coleman*, 501 U.S. at 730-31 ("When a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule just as completely as if this Court had reversed the state judgment on direct review. In such a case, the habeas court ignores the State's legitimate reasons for holding the prisoner ... and undermine[s] the State's interest in enforcing its laws."); *see also* Wright, Miller, and Cooper, FEDERAL PRACTICE AND PROCEDURE, Jurisdiction 2d § 4264 (discussing adequate state procedural bar doctrine).

reasons, has declined to allow non-compliance with certain state procedural rules to bar federal habeas review. To be sure, in some instances this occurred when the Supreme Court suspected that state courts were manipulating state procedural rules to thwart minorities from obtaining federal review.[9] Yet, this line of cases should not be ignored as a relic of the past; more recently, the Supreme Court in *Lee v. Kemna* has reaffirmed that "exceptional cases" may arise where to prevent manifest injustice a procedural default should not bar federal habeas review. 534 U.S. 362, 376 (2002).

In *Kemna*, petitioner was tried and convicted for murder and a related crime. His planned defense was that he was in California at the time of the murder. His mother, stepfather, and sister all came voluntarily to Missouri to testify, but then left unexpectedly just as the defense began to present its case. When Lee's counsel discovered their absence, he immediately made an oral motion for a continuance so these critical witnesses could be located. The trial judge refused this request for a continuance, citing the fact that he was scheduled to be in the hospital with his daughter the following day. The trial resumed without pause and hence no alibi witnesses testified. The jury found petitioner guilty as charged, and he was sentenced to prison for life without the possibility of

---

[9]*See, e.g.*, *Staub v. City of Baxley*, 355 U.S. 313, 320 (1958) (where party challenged constitutionality of multi-part state statute, compliance with state procedural rule requiring party to identify each section of law alleged to be unconstitutional would constitute an "arid ritual of meaningless form"); *N.A.A.C.P. v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964) (state procedural rule requiring brief to contain particular section headings inadequate where rule was applied with "pointless severity"); *Ward v. Board of County Commissioners of Love County, Okl.*, 253 U.S. 17, 22-23 (1920) (state procedural rule inadequate where "nonfederal grounds of decision [that appellant voluntarily paid taxes at issue] ... were without any fair or substantial support" in the record); *Barr v. City of Columbia*, 378 U.S. 146, 149 (1964) (state procedural rule requiring petitioner to allege claims with particularity inadequate unless the procedural rule is "strictly or regularly followed"); *James v. Kentucky*, 466 U.S. 341, 348 (1984) (state procedural ground not adequate unless the procedural rule is "firmly established and regularly followed").

parole. Petitioner's new trial motion, grounded in part on the denial of his continuance motion, was denied, as was his motion for state post-conviction relief, in which he argued, *inter alia*, that the refusal to grant his continuance motion deprived him of his federal due process right to a defense. His direct appeal and his appeal from the denial of postconviction relief were consolidated before the Missouri Court of Appeals, which disposed of the case on state procedural grounds; specifically, that court held that the denial of the continuance motion was proper because Lee's counsel had failed to comply with Missouri Supreme Court Rule 24.09, which requires that such motions be in writing and accompanied by an affidavit, and with Rule 24.10, which prescribes the showings a movant must make to gain a continuance grounded on witnesses' absence. On appeal, both the federal district court and the Eighth Circuit held Lee's claims were procedurally barred by an adequate and independent state ground, namely Lee's non-compliance with Rules 24.09 and 24.10. The Supreme Court reversed, holding that while the procedural rules petitioner violated were "firmly established and regularly followed," petitioner's technical violation of the Missouri Rules was inadequate in the circumstances to foreclose review of petitioner's federal habeas petition. In reaching this result, the Supreme Court noted that "the purpose of the [Missouri procedural] Rules was served by Lee's submissions both immediately before and at the short trial, ... and that the Rules' essential requirements were substantially met in this case. ..." *Kemna*, 534 U.S. at 383. Given Lee's "substantial compliance" with the Missouri Rules at issue, the Supreme Court declined to insist on formalistic compliance with the precise dictates of the Rules.

This case is similar in important respects. Here, the Supreme Court of Virginia dismissed Smallwood's state habeas petition on the ground that he failed to comply with Rule 5:9, which requires the filing of a notice of appeal with the trial court within thirty days after the entry of the

final judgment. Rule 5:9 is clearly independent of federal law, as it is a function of state procedural law, and does not depend upon a federal constitutional ruling. Further, the parties here agree (i) that Smallwood had adequate notice of Rule 5:9; (ii) that Rule 5:9 is fairly and consistently applied; and (iii) that Virginia has a legitimate interest in the enforcement of Rule 5:9. In light of these uncontested facts, respondent argues that Smallwood's failure to file a timely notice of appeal pursuant to Rule 5:9 constitutes a failure to exhaust state remedies, and federal habeas review is therefore foreclosed. Put simply, respondent's view is that this is an unexceptional case applying the general rule that a petitioner's non-compliance with an adequate and independent state procedural rule is a bar to federal review. Smallwood disagrees, arguing in essence that he substantially complied with Rule 5:9 by placing a timely notice of appeal in the outgoing mail at Wallens Ridge State Prison, the correctional facility where he is housed. The question, then, is whether, based on the facts alleged by Smallwood, his claim falls within *Kemna's* narrow subset of "exceptional" cases in which non-compliance with a state procedural rule does not bar federal habeas review. And importantly, this is a question of federal, not state law. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965) ("[T]he adequacy of state procedural bars to the assertion of federal questions, we have recognized, is not within the State's prerogative finally to decide; rather, adequacy is itself a federal question.") (internal quotations omitted).

In this case, the Northampton County Circuit Court denied Smallwood's state habeas petition on April 12, 2004. *See Smallwood v. Young*, Law No. CL04000002-00 (Va. Cir. Ct. Apr. 12, 2004). Accordingly, Smallwood had until May 12, 2004, to file his notice of appeal with the Circuit Court,[10]

---

[10] *See* Va. S. Ct. R. 5:9 (notice of appeal must be filed within 30 days after entry of final judgment).

and until July 12, 2004, to file his appeal with the Supreme Court of Virginia.[11] As evidence of his claim that he filed a timely notice of appeal, Smallwood submitted a note from the correctional institution confirming that he sent an item of legal mail to the Circuit Court of Northampton County on May 4, 2004, eight days before the filing deadline. The respondent does not contest this, but the Circuit Court has no record of receiving Smallwood's notice of appeal. Under Rule 5:9, the critical inquiry is whether an appellant "files with the clerk of the trial court a notice of appeal" within 30 days. *Id.* Importantly, Virginia's Rules of Court recognize and address the special circumstances incarcerated litigants face in filing and mailing papers. Specifically, Rule 5:5(c) sets forth what steps an inmate must take to complete a filing, and also sets forth three forms of evidence sufficient for proof of mailing purposes.[12]

In this case, it is undisputed that Smallwood placed an item of legal mail addressed to the Circuit Court of Northampton County into the correctional facility mail system on May 4, 2004, well in advance of the May 12 deadline to file his notice of appeal. This does not end the analysis with respect to the application of Rule 5:5(c) to this case, as two issues remain to be addressed. First,

---

[11]*See* Va. S. Ct. R. 5:17 (appeal must be filed within three months after entry of final judgment).

[12]Rule 5:5(c) provides in pertinent part that:

> A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined in an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

there is, apart from Smallwood's *ipse dixit*, no evidence that the item of legal mail Smallwood deposited in the institutional mail on May 4, 2004, contained the notice of appeal. Second, even assuming that the mailing at issue contained a notice of appeal, Smallwood has not offered any of the three indicia listed in Rule 5:5(c) as evidence of proof of mailing. The question, then, is whether Smallwood's lack of evidence in these respects is sufficient to foreclose federal habeas review.

To begin with, there is no good reason to doubt Smallwood's claim that his May 4, 2004 mailing contained his notice of appeal. The facts point convincingly to this conclusion. Thus, it is undisputed that he mailed an item of legal mail to the Circuit Court of Northampton County on May 4, 2004, more than a week prior to the deadline for filing his notice of appeal. It is also clear (i) that the Circuit Court had previously issued a final ruling adverse to Smallwood; (ii) that Smallwood's notice of appeal was due eight days after the correctional facility records indicate Smallwood mailed this piece of mail addressed to the Circuit Court; and (iii) that the correctional facility records explicitly state that the missing correspondence was "legal mail." Given these facts, it is exceedingly unlikely that the contents of Smallwood's mail could have been anything other than as Smallwood claims, a notice of appeal.[13] Nor is it reasonable to require Smallwood to produce a copy of the

---

[13] It is also important to note that Smallwood timely filed his actual appeal with the Supreme Court of Virginia on June 20, 2004, more than three weeks in advance of the deadline. This filing presumably was a demanding, time-consuming endeavor, requiring *inter alia*, preparation of briefs and citations to the record below. By contrast, the notice of appeal is a perfunctory task requiring filing of a single sheet of paper sufficient to notify the appellate court and opposing counsel that an appeal is being pursued. *Cf. Smith v. Barry*, 502 U.S. 244, 247-48 (1992) (describing function of notice of appeal). This comparison is in no way intended to denigrate the important and salutary role the notice of appeal plays in the appellate review process, or to suggest that compliance with the notice of appeal requirement is optional once the appellant has timely filed the appeal itself; rather, the sole point of the comparison here is to suggest that an appellant who invests the substantial time and effort required to file a timely appeal is less likely to have failed to file a timely notice of appeal than one who has not done so.

contents of this correspondence, as he does not have reliable access to copy machines in prison. Given that Smallwood in fact mailed a letter to the Circuit Court on May 4, 20024, two possibilities exist: (i) Smallwood's letter was lost in the mail, and never delivered to the Circuit Court; or (ii) Smallwood's letter was delivered to the Circuit Court, and that court's records erroneously fail to reflect receipt of Smallwood's mailing. Under either scenario, it is clear that Smallwood was powerless to do anything more than he did to comply with Rule 5:9. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (noting unique disadvantages faced by incarcerated litigants proceeding *pro se*). For these reasons, to the extent[14] that the Supreme Court of Virginia's ruling that Smallwood failed to comply with Rule 5:9 was premised on its conclusion that Smallwood failed to prove that his May 4, 2004 mailing contained a notice of appeal, this conclusion is "without any fair or substantial support" in the record. *See Ward v. Board of County Commissioners of Love County, Okl.*, 253 U.S. 17, 22-23 (1920). Accordingly, Smallwood's alleged non-compliance with this aspect of Rule 5:5(c) is inadequate to bar federal habeas review.

Nor does it matter that Smallwood has not provided any of the three indicia Rule 5:5(c) deems sufficient to show proof of mailing. Simply put, Rule 5:5(c)'s proof requirements are irrelevant and unnecessary where, as here, there is no dispute that Smallwood timely placed an item in the institutional mail. Put differently, there is no need for an inmate to provide a specific form of proof of mailing when the parties agree on the date on which the mailing (as defined by Rule 5:5(c)) took place. It would elevate form over substance to require Smallwood, as a prerequisite for federal habeas review, to produce the particular type of evidence required by Rule 5:5(c) when the

---

[14]As noted previously, the Supreme Court of Virginia did not fully explain the reasons for its conclusion that Smallwood failed to comply with Rule 5:9, nor did it mention Rule 5:5(c).

parties have essentially stipulated to the precise fact such evidence is intended to show. Accordingly, the unique facts of this case compel the conclusion that Smallwood substantially complied with Rule 5:9, as elucidated by Rule 5:5(c). It follows that Smallwood's federal habeas petition is not procedurally foreclosed with respect to his ineffective assistance of trial counsel claim.[15] *See Kemna*, 534 U.S. at 382.[16]

It is important to note that the result reached rests on the proof that Smallwood has adduced showing that he timely mailed a notice of appeal to the Northampton County Circuit Court. A different result might well have obtained had Smallwood's contention that he mailed a notice of appeal on May 4, 2004, been disputed and had it rested solely on an assertion supported by less compelling evidence. To be sure, *Kemna's* "substantial compliance" exception should be rarely and carefully invoked as it otherwise has the potential to swallow the rule that an appellant's failure to follow state procedural rules forecloses federal habeas review. This case, however, fits squarely within that exception. For these reasons, Smallwood's alleged failure to comply with Rule 5:9 in

---

[15] It is important to note that the conclusion reached here is not that the Supreme Court of Virginia erred in applying either Rule 5:9 or Rule 5:5(c), but rather that the operation of these state procedural rules is insufficient in the circumstances of this case to foreclose federal review of Smallwood's claims.

[16] In view of the conclusion reached here that Smallwood's federal habeas petition is not procedurally foreclosed with respect to his ineffective assistance of trial counsel claim, it is unnecessary to reach or decide whether he has shown "cause and prejudice" sufficient to excuse any procedural default. *See Kemna*, 534 U.S. at 387 n.17 (declining to reach cause and prejudice issue where petitioner had demonstrated "substantial compliance" with state procedural rule). To the extent such a determination would be necessary, it appears that Smallwood would be able to meet the "cause" element, but further briefing would be necessary to determine whether he can demonstrate prejudice. *See, e.g., Tucker v. Catoe*, 221 F.3d 600, 608 (4th Cir. 2000) ("To establish prejudice, [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal quotations omitted). Accordingly, this Memorandum Opinion expresses no opinion on that issue.

the circumstances of this case is not a bar to federal habeas review of his ineffective assistance of trial counsel claim. Accordingly, respondent's motion to dismiss must be denied in this respect.

An appropriate Order will issue.

Alexandria, Virginia
March 24, 2006

_____/s/_____
T. S. Ellis, III
United States District Judge